KAB

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Hummer, | No. CV-24-00556-PHX-SPL (CDB) |
| Plaintiff, | |
| v. | **ORDER** |
| NaphCare Incorporated, | |
| Defendant. | |

Plaintiff John Hummer, who is currently confined in the Arizona State Prison Complex - Lewis, filed a pro se Complaint pursuant to 42 U.S.C. § 1983 and Arizona state law. (Doc. 1). Pending before the Court are Plaintiff's Motion for Preliminary Injunction (Doc. 93), Plaintiff's Motion for Leave to File Amended Complaint (Doc. 86), the Magistrate Judge's Report and Recommendation (Doc. 94) regarding Plaintiff's Motion for Leave to File Amended Complaint, Plaintiff's Objection to the Report and Recommendation (Doc. 107), Plaintiff's Motion for Pretrial Conference (Doc. 121), Plaintiff's Appeal (Doc. 71) of the Magistrate Judge's August 12, 2024 Order (Doc. 64), and Plaintiff's Appeal (Doc. 120) of the Magistrate Judge's December 5, 2024 Order (Doc. 111).

I.    **Background**

On screening under 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated an Eighth Amendment medical care claim against Defendant NaphCare in Count One and a state-law negligence claim against NaphCare in Count Two. (Doc. 7).

**II.    Plaintiff's Objections**[1]

    **A.    Legal Standard**

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, parties may file objections to a magistrate judge order within fourteen days after being served with a copy of the order.  The Court must then consider these objections and "modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a).

    **B.    Plaintiff's Motion for Leave to Amend (Doc. 86), the Magistrate Judge's R&R (Doc. 94), and Plaintiff's Objections to the R&R (Doc. 107)**

In the Report and Recommendation ("R&R"), the Magistrate Judge recommended that Plaintiff be allowed to add additional bases for relief with regard to his Eighth Amendment and negligence claims against Defendant NaphCare as stated in Counts One and Two of the proposed amended complaint, but she recommended that the Motion to Amend (Doc. 86) otherwise be denied.  (Doc. 94).

The Court has carefully reviewed the proposed Amended Complaint (Doc. 86-1), the R&R (Doc. 94), and Plaintiff's objections (Doc. 107).  Plaintiff expresses disagreement with the Magistrate Judge's reasoning throughout the R&R, but he does not present any convincing argument that the Magistrate Judge's conclusions are clearly erroneous or contrary to law.  Accordingly, Plaintiff's objections will be overruled, the R&R will be adopted, and the Motion for Leave to Amend will be granted in part and denied in part as set forth in the R&R.

    **C.    Plaintiff's Appeal (Doc. 71) of the Magistrate Judge's August 12, 2024 Order (Doc. 64)**

In the August 12, 2024 Order, the Magistrate Judge denied Plaintiff's request for the issuance of several subpoenas.  (Doc. 64).  As an initial matter, the Magistrate Judge noted that Plaintiff did not demonstrate that he attempted to obtain discovery from Defendant NaphCare before seeking the information from third parties.  (Doc. 64 at 2).

---

[1] Throughout his objections, Plaintiff makes various assertions regarding dicta in the Magistrate Judge's Orders.  The Court will not address Plaintiff's assertions regarding dicta.

The Magistrate Judge then set forth a detailed explanation of the denial of the issuance of the subpoenas for each subpoena request.  (*See* Doc. 64 at 3–4 (subpoena to the Arizona Department of Corrections, Rehabilitation and Reentry denied because Plaintiff did not first seek discovery from Defendant and requests were overbroad, unduly burdensome, and non-specific); 5–6 (subpoena to St. Mary's Hospital denied because Plaintiff did not show that he requested the discovery from Defendant, and was also overbroad and non-specific); 6–7 (subpoena to TechCare denied as overbroad and irrelevant on its face); 7 (subpoena to LabCorp denied as overbroad and Plaintiff did not first seek discovery from Defendant); and 8–9 (subpoenas to Arizona Diagnostic Radiology Group and Southwest Urology Specialists denied because Plaintiff did not demonstrate that he sought this information through discovery with Defendant, and as overbroad and unduly burdensome)).

In his objection, Plaintiff asserts that he did not seek the requested discovery from Defendant because he "believes Defendant will not provide [complete copies of evidence] based on its previous position regarding exchange of evidence." (Doc. 71 at 3).  Plaintiff asserts that the Magistrate Judge did not acknowledge that NaphCare may not have the information he sought in its possession.  Plaintiff also asserts that the Scheduling Order did not instruct him on how to specifically request a subpoena.  Plaintiff also provides further argument about why he believes certain information he sought is not unduly burdensome.

The Magistrate Judge's ruling that Plaintiff must attempt to obtain necessary discovery from Defendant prior to potentially burdening third parties is not clearly erroneous or contrary to law, and Plaintiff's conclusions based on his beliefs about what may happen if he properly requests such discovery are speculative and unavailing.  Contrary to his contentions, the Magistrate Judge clearly set forth the deficiencies in Plaintiff's subpoenas.  If, after following the Magistrate Judge's advice, Plaintiff believes that he can show that a specific subpoena to a third party is necessary and not overbroad, he may file a motion seeking the issuance of that subpoena and can support such motion with the reasons the request is proper.  Plaintiff has not shown that any part of the

Magistrate Judge's Order is clearly erroneous or contrary to law, and his objection will be overruled.

**D. Plaintiff's Appeal (Doc. 120) of the Magistrate Judge's December 5, 2024 Order (Doc. 111).**

In his Appeal (Doc. 120), Plaintiff objects to the Magistrate Judge's denial of his Motion to Compel (Doc. 92). The Magistrate Judge did not specifically set forth her reasoning for denying the Motion to Compel and, therefore, the Court reviews the Motion *de novo*.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Although parties are normally required to meet and confer prior to filing a motion to compel, the Scheduling Order in this action overrides that requirement. (Doc. 27 at 3 ("Because of the restrictions regarding a prisoner's ability to communicate and correspond with defense counsel, the requirement that a pro se incarcerated plaintiff confer with defense counsel prior to filing any motion regarding responses to discovery will not be deemed an adequate basis for denial of a motion to compel or otherwise challenging any of Defendant's responses to requests for discovery.")).

**1. Request for Production No. 1**

In Request for Production No. 1, Plaintiff requested that Defendant "produce all records and documents, including but not limited to notes, receipts, invoices, and all other documentation that identify the costs incurred by NaphCare Incorporated from October 1, 2022 to present day regarding care that has been rendered in relation to any and all kidney and other urological treatment for Plaintiff." (Doc. 92 at 7). Defendant objected on the basis that "[t]his request is overly broad and unduly burdensome, and not narrowly tailored to seek only relevant information related to the claim in this case; it is also not reasonably

calculated to lead to relevant and admissible evidence.  This is an impermissible fishing expedition.  It is also not reasonably calculated to lead to relevant and admissible evidence." (Doc. 92 at 20).  Defendants' arguments that this discovery request is irrelevant are unavailing, as this request is directly related to Plaintiff's claims in this action; the request is also not unduly burdensome because it is specific regarding the time period and documents sought.  Defendants' objection is overruled.  The Motion to Compel is granted as to Request No. 1.

### 2.    Request for Production No. 2

In Request for Production No. 2, Plaintiff requested that Defendant "produce a copy of all policies regarding authorization and approval of healthcare services that incur costs of more than $5,000 for inmates in the custody of the ADCRR." (Doc. 92 at 8).  Defendant objected on the basis that "[t]his request is overly broad and unduly burdensome, and not narrowly tailored to seek only relevant information related to the claim in this case; it is also not reasonably calculated to lead to relevant and admissible evidence.  This is an impermissible fishing expedition.  It is also not reasonably calculated to lead to relevant and admissible evidence." (*Id.* at 21).  Defendant's objection to Request for Production No. 2 is proper as Plaintiff's request is overbroad.  Plaintiff provides no explanation for how every policy regarding any healthcare service of more than $5,000 is related to his claim.  The Motion to Compel will be denied as to Request for Production No. 2.

### 3.    Request for Production No. 3

In Request for Production No. 3, Plaintiff requests a copy of "all healthcare contracts that create a contractual agreement between you and ADCRR regarding the rendering of healthcare services to inmate in ADCRR custody." (*Id.* at 9).  Defendant objected on the basis that "[t]his request is overly broad and unduly burdensome, and not narrowly tailored to seek only relevant information related to the claim in this case; it is also not reasonably calculated to lead to relevant and admissible evidence.  This is an impermissible fishing expedition.  It is also not reasonably calculated to lead to relevant and admissible evidence." (*Id.* at 21).  Defendant's objection to Request for Production No. 3 is proper as

Plaintiff's request is overbroad. In his Reply in support of his Motion to Compel, Plaintiff provides some explanation for how this information may be relevant to his claim and, in his explanation, demonstrates that such a request could possibly be properly tailored to his healthcare and his claims. (Doc. 105). The request in its current form, however, is overbroad, and the Motion to Compel will be denied as to Request for Production No. 3.

### 4. Request for Production No. 5

In Request for Production No. 5, Plaintiff requested "copies of any and all internal emails, memos, or other correspondence between employees of the Defendant and any other entity or individual regarding care rendered to the Plaintiff between October 1, 2022 and August 9, 2024. (Doc. 92 at 9). Defendant again objected on the basis that the request was overly broad and unduly burdensome; furthermore, it objected that

> [t]he Request also seeks potentially privileged and confidential work product and/or attorney client communications. It is not properly narrowed in scope, time or context to pertain only to relevant matters in this case. Plaintiff's medical records, already in his possession, also primarily detail the medical care he has received (including his complaints) herein. Without waiving the foregoing objections, Defendant will supplement as warranted with any other memos, emails, or correspondence not objected to, which pertain to the medical care at issue in this case.

(*Id.* at 22). Defendant's objection to Request for Production No. 5 is proper as Defendant indicates it will produce memos, emails, or correspondence pertaining to the medical care at issue in this case. Plaintiff's Motion to Compel will be denied as to Request for Production No. 5.

### III. Motion for Preliminary Injunction (Doc. 93)

Plaintiff asserts that since the Court's last Order in August 2024 regarding injunctive relief, he has not received medical care consistent with a treatment plan recommended by his urologist, Dr. Gist, relating to Plaintiff's right kidney oncocytoma. (Doc. 93 at 3). Plaintiff asserts that when he has been transported to appointments at off-site facilities, he cannot get care because Defendant either did not properly schedule the procedure or failed to provide necessary documentation in order to conduct testing or evaluation. (*Id.*).

Plaintiff asserts that he suffers significant pain in his kidney and lower extremities, multiple right leg edemas, constant fatigue, and an inability to walk. (*Id.*). Plaintiff asserts that the facility will not provide him with footrests for his wheelchair and his feet therefore drag on the ground when he uses his wheelchair. (*Id.*). Plaintiff asserts that he still needs a recommended biopsy and surgery to remove a mass on his right kidney. (*Id.*). Plaintiff asserts that he last saw Dr. Gist on May 16, 2024 and, since then, has seen a cardiologist for a lexiscan stress test and echocardiogram and had an ultrasound on his prostate and right kidney. (*Id.* at 5). Plaintiff asserts that he was supposed to be transported for an MRI, but he was turned away twice because of a wrong appointment date and failure to provide proper identification, both as a result of NaphCare's actions or inactions. (*Id.* at 6). Plaintiff asserts that the mass on his right kidney could become cancerous and/or result in the loss of his sole remaining kidney.

As relief, Plaintiff seeks an order from the Court that NaphCare: (1) complete all diagnostic testing order by Dr. Gist in relation to Plaintiff's kidney biopsy, (2) provide Plaintiff with wheelchair footrests; (3) schedule an appointment with Dr. Gist so Plaintiff can be evaluated for surgery to remove the tumor from his right kidney and can discuss other possible treatment options with Dr. Gist; and (4) ensure that Dr. Gist's recommendations are carried out.

In Response, Defendant asserts that relief requested by Plaintiff "remains moot" because Plaintiff "has already been provided the care and follow-up he seeks and/or it continues to be underway (and consistent with the outside specialist's recommendations)." (Doc. 106 at 1). Defendant asserts that Plaintiff has been sent out for the biopsy, but the radiology specialist ordered a follow-up MRI of Plaintiff's abdomen prior to doing the biopsy and Plaintiff had the MRI of his abdomen on November 11, 2024, which indicated that he has an oncocytoma on his right kidney as well and it has not grown. (*Id.* at 3). Defendant asserts that Plaintiff is now scheduled to return to Yuma radiology for the biopsy the week of December 16, 2024 and is pending scheduling for follow-up with the urologist after the biopsy is completed. (*Id.* at 3–4). Defendant further asserts that a wheelchair with

1    footrests has been ordered for Plaintiff.  (*Id.* at 4).

2         **A.    Plaintiff's Relevant Medical Treatment**

3              On February 24, 2024, it was noted that Plaintiff had a large exophytic enhancing

4    left renal mass measuring 7.2 cm x 5.9 cm and a smaller exophytic enhancing right renal

5    mass measuring 2.6 cm x 2.1 cm.  (Doc. 93 at 51).  Medical staff suspected the masses

6    could be renal cell carcinomas.  (*Id.*).  Plaintiff had a left total nephrectomy on March 29,

7    2024.  (*Id.* at 38).  On May 20, 2024, it was noted that the mass in Plaintiff's right kidney

8    was "pending biopsy."  (*Id.* at 39).  As a result of ongoing weakness in his both his lower

9    extremities, Plaintiff is in a wheelchair.  (*Id.* at 38).  On May 21, 2024, Plaintiff saw Dr.

10   Gist.  (*Id.* at 30).  Dr. Gist recommended a renal biopsy of the smaller lesion in the right

11   kidney and the possibility of genetic testing if the right mass is also an oncocytoma.  (*Id.*).

12   Dr. Gist also recommended an MRI of the prostate for elevated psa and possible prostate

13   biopsy.  (*Id.*).  Dr. Gist recommended follow up after the biopsy of the right renal mass and

14   MRI of the prostate were performed.  (*Id.* at 31).

15             On October 2, 2024, a wheelchair with footrests was ordered for Plaintiff.  (Doc.

16   106-1 at 8, 79).  On October 3, 2024, Plaintiff's medical records reflect that a review of a

17   September 19, 2024 urology note indicated that Plaintiff had an MRI of the pelvis prior to

18   biopsy and that a consult request was submitted on September 19, 2024.  (*Id.* at 2, 26).  On

19   September 26, 2024, it was noted that the MRI needed to be completed prior to a biopsy.

20   (*Id.* at 73).  On November 11, 2024, Plaintiff was sent for an MRI of the abdomen with and

21   without contrast, which showed a 2.7 x 2.3 cm "enhancing exophytic mid right renal lesion

22   consistent with RCC or oncocytoma."  (*Id.* at 63).  It was noted that "[t]his is not

23   significantly changed in size from 7/15/2024."  (*Id.*).  "Additional subcentimeter T2

24   hyperintense lesions, too small to characterize, likely cysts or hemangiomas" were also

25   noted.  (*Id.*).  On November 21, 2024, an IR biopsy of the right renal mass was scheduled

26   for December 2024.  (*Id.* at 73).  As of December 31, 2024, Plaintiff had not received a

27   right kidney biopsy.  (Doc. 119).

28   ///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**B.     Prior Court Orders**

In a June 7, 2024 Order, the Court ordered Defendant to provide status updates on Plaintiff's care, including the status of the right renal biopsy.  (Doc. 42 at 5–6).  In an August 16, 2024 Order, the Court noted that Dr. Gist recommended a right renal biopsy . . . and NaphCare is in the process of scheduling the right renal biopsy." (Doc. 68 at 5).

**C.     Discussion**

The Parties appear to agree that Plaintiff should receive a right renal biopsy. Defendant asserts that the biopsy was scheduled for December, but due to a scheduling error, it did not occur.  (Doc. 122).  The Parties also appear to agree that Plaintiff should be given a wheelchair with footrests, and the latest information in this Record is that a wheelchair was ordered for Plaintiff.  The Court will require Defendant to supplement its Response to Plaintiff's Motion seeking injunctive relief and indicate whether Plaintiff has received a wheelchair with footrests and/or when he will receive the wheelchair and whether Plaintiff has undergone a right renal biopsy and/or when he will receive the biopsy. Given the significant delay in scheduling the biopsy, Defendant must provide information regarding an actual scheduled biopsy if the appointment has not yet occurred.  If Plaintiff has had a right renal biopsy, Defendant must indicate whether the follow-up with Dr. Gist has been scheduled.

Accordingly,

**IT IS ORDERED:**

(1)     The reference to the Magistrate Judge is withdrawn as to Plaintiff's Motion for Leave to File Amended Complaint (Doc. 86), the Magistrate Judge's Report and Recommendation (Doc. 94) regarding Plaintiff's Motion for Leave to File Amended Complaint, Plaintiff's Objection to the Report and Recommendation (Doc. 107), Plaintiff's Motion for Pretrial Conference (Doc. 121), Plaintiff's Appeal (Doc. 71) of the Magistrate Judge's August 12, 2024 Order (Doc. 64), and Plaintiff's Appeal (Doc. 120) of the Magistrate Judge's December 5, 2024 Order (Doc. 111).

(2)     Plaintiff's Objection to the Report and Recommendation (Doc. 107) is **overruled**.

(3)     The Magistrate Judge's Report and Recommendation (Doc. 94) is **accepted and adopted**.  Plaintiff's Motion for Leave to File Amended Complaint (Doc. 86) is **granted in part and denied in part** as set forth in the R&R.  The Clerk of the Court must file the First Amended Complaint (currently lodged at Doc. 86-1).

(4)     Plaintiff's Motion for Pretrial Conference (Doc. 121) is **denied**.

(5)     Plaintiff's Appeal (Doc. 71) of the Magistrate Judge's August 12, 2024 Order (Doc. 64) is **denied.**  The Magistrate Judge's August 12, 2024 Order (Doc. 64) is **affirmed**.

(6)     Plaintiff's Appeal (Doc. 120) of the Magistrate Judge's December 5, 2024 Order (Doc. 111) **is granted in part** as to Request for Production No. 1.  Defendant is instructed to promptly produce documents responsive to Request for Production No. 1. The Magistrate Judge's December 5, 2024 Order (Doc. 111) is **otherwise affirmed.**

(7)     With **ten days** of the date of this Order, Defendant **must file a supplement to its Response** to Plaintiff's Motion seeking injunctive relief and indicate whether Plaintiff has received a wheelchair with footrests and/or when he will receive the wheelchair and whether Plaintiff has undergone a right renal biopsy and/or when he will receive the biopsy.  If Plaintiff has had a right renal biopsy, Defendant must indicate whether the follow-up with Dr. Gist has been scheduled.

Dated this 29th day of January, 2025.

Honorable Steven P. Logan
United States District Judge